UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MIRIAHM PALOMA,

                              Plaintiff,

        -against-

NEW YORK CITY DEPARTMENT OF
CORRECTIONS; CAPTAIN DANIELS,

                              Defendants.

20-CV-0637 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff, a pretrial detainee currently incarcerated in the Rose M. Singer Center (RMSC)

on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants

violated her rights. By order dated March 6, 2020, the Court granted Plaintiff's request to

proceed without prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below,

the Court grants Plaintiff leave to file an amended complaint within sixty days of the date of this

order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a prisoner's *in forma*

*pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is

immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

        [1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action against the New York City Department of Correction and Captain Daniels. The following facts are taken from the complaint. Plaintiff's housing area has ongoing "weird" odors coming from the ceiling vents that smelled like "fecal matter, dirty diaper

[,] vomit, industry signals burned/burning rubber, [and] male body odor." (ECF No. 2, 4.) Plaintiff submitted grievances to correction officials about the issue but the smells continue.

In addition, on an unspecified date, Captain Daniels conducted an unconstitutional search of Plaintiff and caused the loss of her personal property. Plaintiff asserts that the search was unconstitutional because it occurred while she was using the bathroom, but it "did not include the Boss chair." (*Id*.) Captain Daniels also failed to direct that her personal property be secured, causing the loss of her commissary and clothing. He also failed to "honor" Plaintiff's correct housing assignment, resulting in her having to be rehoused several times. (*Id*.)

Plaintiff asserts that she suffered the following injuries: a bruise on her left hand from handcuffs, and "minor hair loss due to stress from industry signal (behind left ear)." (*Id*. at 5.) She seeks reimbursement for the loss of her property, and "compensation for injuries and emotional distress from harassment during searches/rehousing procedures." (*Id*.)

## DISCUSSION

**A.      Claims against the New York City Department of Correction**

Plaintiff's claims against the New York City Department of Correction must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

**B.**     **Claims against Captain Daniels and other Correction Officials**

1.     Odors in Housing Area

The Court construes Plaintiff's allegations concerning the "weird" odors in her housing area as asserting claims that correction officers were deliberately indifferent to conditions during her confinement that posed a serious threat to her health or safety. As Plaintiff was a pretrial detainee during the events giving rise to her claims, the claims arise under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

To state a conditions-of-confinement claim, Plaintiff must satisfy two elements: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that a correction officer acted with at least deliberate indifference to the challenged conditions. *Id.*

The objective element requires a showing that "the conditions, either alone or in combination, pose an unreasonable risk of serious damage to [her] health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)).

The mental element requires a showing "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

Here, Plaintiff fails to allege any facts suggesting that correction officials at the RMSC were deliberately indifferent to conditions that posed a serious threat to her health or safety.

Although she asserts that her senses were assaulted by various objectionable smells, she does not allege any facts suggesting that the odors, no matter how foul, created a risk to her health or safety. Plaintiff thus fails to state a viable condition-of-confinement claim with respect to the odors in her housing area because she fails to allege any facts showing that correction officials knew or should have known that there was a serious risk of harm to her health or safety, but that they disregarded that risk.

2.      Unlawful Search

Plaintiff alleges that Captain Daniels conducted an unconstitutional search while she was using the bathroom and he failed to use the Boss chair. Because of the paucity of facts provided in the complaint, the Court is unable to determine whether Plaintiff's assertion could amount to an unreasonable search claim under the Fourth Amendment.

When determining whether a search is constitutional under the Fourth Amendment, courts balance "the need for a particular search . . . against the resulting invasion of personal rights." *Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318 (2012). Correction officials can conduct "random searches" of inmates, including pretrial detainees, without having "reason to suspect a particular individual of concealing a prohibited item." *Id.* But, to comply with the Fourth Amendment, searches must be "reasonably related to legitimate penological interests." *Turkmen v. Hasty*, 789 F.3d 218, 260 (2d Cir. 2015) (discussing how daily strip-searches conducted "when there was no possibility that [detainees] could have obtained contraband" do not relate to a legitimate penological interest). Searches that involve intentional humiliation, abuse, or invasive touching may also violate the Fourth Amendment. *Florence*, 566 U.S. at 339.

Plaintiff does not describe how and why she was searched; she merely indicates that the search occurred and concludes that it was unconstitutional because Captain Daniels failed to use

the Boss chair. But her assertions do not show that she was subjected to an unconstitutional search.

Because the Court cannot say at this stage that an amendment would be futile, the Court grants Plaintiff sixty-days' leave to submit an amended complaint. Plaintiff must provide more facts about the alleged unconstitutional search in the amended complaint, including how and why she was searched.

3.      Loss of Property

Plaintiff's claim with respect to her loss of property must be dismissed. A claim for deprivation of property is not recognized in federal court if the state courts provide a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). "[T]he availability of an action in the Court of Claims provides [an] adequate post-deprivation remedy for prisoners who claim deprivation of personal property by prison officials." *Jones v. Harris*, 665 F. Supp. 2d 384, 401 (S.D.N.Y. 2009) (describing procedure available to state prisoners). Thus, "even the intentional destruction of an inmate's property by a prison officer does not violate the Due Process Clause if the state provides that inmate with an adequate post-deprivation remedy." *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 499 (S.D.N.Y. 2014) (New York state law provides pretrial detainees with an adequate post-deprivation remedy, that is, § 9 of the Court of Claims Act).

Here, Plaintiff fails to allege facts demonstrating that her state remedies are in any way inadequate or inappropriate. *See Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990). Plaintiff's claim concerning the loss of her property is therefore dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

4.      Incorrect Housing Assignment

Plaintiff also asserts that "the captains did not honor the correct housing assignment," resulting in her being "rehoused" several times. (ECF No. 2, 4.) She seeks compensation for the harassment caused by the "rehousing procedures." (*Id.* at 5.) The Court does not understand what Plaintiff is challenging or why. To the extent Plaintiff may be expressing her dissatisfaction with her housing assignment, she should note that generally, a prisoner does have a constitutional right to be housed in a particular unit or facility. *See McMahon v. Fischer*, 446 F. App'x 354, 357 (2d Cir. 2011) ("A prisoner has no right to housing in a particular facility . . .") (citing *Matiyn v. Henderson*, 841 F.2d 31, 34 (2d Cir. 1988)). Because it is unclear what claim Plaintiff is seeking to assert, she is granted leave to amend this claim. Should she choose to amend her complaint, she must explain why she feels she was entitled to a particular housing assignment and what correction officials did that violated her rights.

5.      Injury from Handcuffs

Finally, in the injury section of the complaint, Plaintiff asserts that she suffered bruises on her left hand from the use of handcuffs. She does not provide any facts concerning the events leading to her injury, including how and why she was handcuffed. Because the use of excessively tight handcuffing that causes injury can constitute excessive force, *see Shamir v. City of New York*, 804 F.3d 553, 557 (2d Cir. 2015); *Kerman v. City of New York*, 261 F.3d 229, 239-40 (2d Cir. 2001), in an abundance of caution, the Court grants Plaintiff leave to state whether correction officials used excessive force against her.[2]

---

[2] A pretrial detainee's right to be free from excessive force arises under the Fourteenth Amendment. *See Edrei v. Maguire*, 892 F.3d 525, 533 (2d Cir. 2018). To state such a claim, a plaintiff must allege facts showing that defendants engaged in an "exercise of power without any reasonable justification in the service of a legitimate government objective." *Id.* (citation omitted); *see also Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015) (a pretrial detainee can

If Plaintiff intends to bring an excessive force claim based on the use of overly tight handcuffs, she must submit an amended complaint in which she allege facts showing that correction officials used objectively unreasonable force against her. Plaintiff must name as defendants the individuals responsible, explain what happened, and describe the extent of her injuries. She should note that a claim of tight "handcuffing does not suffice for an excessive force claim unless it causes some injury beyond temporary discomfort or bruising." *Omor v. City of New York*, ECF 1:13-CV-2439, 55, 2015 WL 857587, at *7 (S.D.N.Y. Feb. 27, 2015); *see also Caravalho v. City of New York*, ECF 1:13-CV-4174, 213, 2016 WL 1274575, at *9 (S.D.N.Y. Mar. 31, 2016) (collecting cases); *Higginbotham v. City of New York*, 105 F. Supp. 3d 369, 377 (S.D.N.Y. 2015) (collecting cases).

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claims. First, Plaintiff must name as the defendants in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be

---

[3] prevail on an excessive-force claim by showing "that the force purposely or knowingly used against him was objectively unreasonable.").

[3] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2019, at Anna M. Kross Center, during the 7-3 p.m. shift."

responsible for ascertaining the true identity of any "John Doe" defendants and amending her

complaint to include the identity of any "John Doe" defendants before the statute of limitations

period expires.[5]

In the statement of claim, Plaintiff must provide a short and plain statement of the

relevant facts supporting each claim against each defendant named in the amended complaint.

Plaintiff is also directed to provide the addresses for any named defendants. To the greatest

extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including
   what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date
   and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and
   describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive
   relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated

her federally protected rights; what facts show that her federally protected rights were violated;

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the

amended complaint.

---

[5] Should Plaintiff seek to add a new claim or party after the statute of limitations period
has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil
Procedure.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 20-CV-0637 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

SO ORDERED.

Dated:    March 23, 2020
             New York, New York

                                                _Louis L. Stanton_
                                                Louis L. Stanton
                                                     U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

## AMENDED
# COMPLAINT
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial                Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                    Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 3:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Defendant 4:

| | | |
|---|---|---|
| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

_____              _____
Dated                                                                    Plaintiff's Signature

_____
First Name                              Middle Initial              Last Name

_____
Prison Address

_____
County, City                                        State                      Zip Code

Date on which I am delivering this complaint to prison authorities for mailing:   _____