UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRIAHM PALOMA,<br><br>       Plaintiff,<br><br>    -against-<br><br>NEW YORK CITY DEPARTMENT OF CORRECTIONS, et al.,<br><br>       Defendants. | 20-CV-0637 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

  Plaintiff, a pretrial detainee currently incarcerated in the Rose M. Singer Center (RMSC) on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated her rights. On March 23, 2020, the Court granted Plaintiff leave to amend her complaint within sixty days. Plaintiff submitted an amended complaint on May 14, 2020. After reviewing the submission, the Court dismisses this action for the reasons set forth below.

## BACKGROUND

  The Court assumes familiarity with the underlying facts of this case as summarized in the Court's March 23, 2020 order. Plaintiff brought claims against the New York City Department of Correction (DOC) and Captain Daniels. In the March 23, 2020 order, the Court dismissed Plaintiff's claims against DOC because an agency of the City of New York is not an entity that can be sued. The Court then held that Plaintiff's allegations concerning the "weird" odors in her housing area failed to state a claim because she did not allege any facts showing that correction officials knew or should have known that there was a serious risk of harm to her health or safety, and disregarded that risk. The Court also found that Plaintiff failed to allege facts suggesting that Daniels conducted an unconstitutional search because he did not use the Boss chair; she did not have a constitutional right to a particular housing assignment; she failed to state a claim for the

loss of her property; and she did not allege sufficient facts concerning the use of handcuffs on her to state an excessive force claim. But the Court granted Plaintiff leave to submit an amended complaint to detail her claims concerning the allegedly unconstitutional search, housing assignment, and use of handcuffs.

In the amended complaint, Plaintiff again names Daniels as a defendant, along with four other correction officers – Mullgrav, Folks, Speights, and Leak. But with respect to the claims the Court directed her to amend, she essentially reiterates her assertions from the first complaint. She asserts that she was unlawfully searched without the boss chair while using the bathroom; her housing was reassigned several times because of "minor altercation with inmate"; and her commissary and other property went missing when her housing was reassigned. (ECF No. 7, at 4.) Plaintiff further claims that correction officials' responses to poor living conditions was inadequate and that they took no action prior to the "outbreak." (*Id*.) She again asserts that she suffered a "bruised left wrist from cuffs." (*Id*. at 5.)

Plaintiff does refer to two events that were not discussed in her original pleading. She asserts that on April 10, 2020, after she filed this action, Leak did not provide her dinner, and that on an unspecified date, Mullgrav came to her cell and told her that she had "a communicable disease that needs treatment." (*Id*. at 4.) Mullgrav did this "without prior knowledge of [her] health or physician's consent to disclosure of such knowledge." (*Id*.)

Plaintiff seeks monetary damages.

## DISCUSSION

Plaintiff's amended complaint fails to remedy the deficiencies that the Court found in her original pleading. She again fails to allege facts indicating that she was subjected to unconstitutional conditions of confinement. She asserts that her living conditions were poor, but she alleges no facts suggesting that any of the defendants were deliberately indifferent to

conditions that posed a serious threat to her health or safety. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Plaintiff's claims that the conditions of her confinement were unlawful must be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff's unconstitutional search claim must also be dismissed. As in her original complaint, she does not describe how and why she was searched, but concludes that the search was unconstitutional because Daniels failed to use the Boss chair. Plaintiff fails to state a claim for relief because she does not allege any facts suggesting that the search involved intentional humiliation, abuse, or invasive touching, *see Florence v. Bd. of Chosen Freeholders of Cty. of Burlington*, 566 U.S. 318 (2012), or that it was not "reasonably related to legitimate penological interests," *Turkmen v. Hasty*, 789 F.3d 218, 260 (2d Cir. 2015).

Plaintiff's claims concerning her loss of property, her housing assignment, and the use of handcuffs must also be dismissed for the same reasons stated in the Court's March 23, 2020 order. She does not allege facts demonstrating that her state remedies are in any way inadequate or inappropriate to address the loss of her property, *see Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990); she does not have a constitutional right to be housed in a particular unit or facility, *see McMahon v. Fischer*, 446 F. App'x 354, 357 (2d Cir. 2011); and she fails to allege any facts suggesting that correction officials used excessive force by handcuffing her hands, *see Shamir v. City of New York*, 804 F.3d 553, 557 (2d Cir. 2015).

Plaintiff's new claims – concerning Leak's failure to provide her dinner and Mullgrav's disclosure that she had a communicable disease that needs treatment – are dismissed because they are beyond the scope of the original lawsuit and the permitted amendment. *See, e.g.*, *Palm Beach Strategic Income, LP v. Salzman,* 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in

3

this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Grimes v. Fremont General Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (citing cases); *Sullivan v. Stein*, 487 F. Supp. 2d 52 (D. Conn. 2007) (dismissing claims as "beyond the scope" of the Court's order).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is instructed to terminate all other pending matters.

SO ORDERED.

Dated:  June 29, 2020
        New York, New York

                                                  *Louis L. Stanton*
                                                  Louis L. Stanton
                                                      U.S.D.J.